UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| HILARIO BENITEZ MARTINEZ AND BEATRIZ MARTINEZ, § § § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO.: _____ | |
| § | | |
| STATE FARM LLOYDS AND ANN JENNE, § § § | | |
| Defendants. § | | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On or about December 15, 2015, Plaintiffs Hilario Benitez Martinez and Beatriz Martinez ("Plaintiffs") filed their Original Petition in Cause No. A150481C in the 51st Judicial District Court of Tom Green County, Texas, initiating a civil cause of action against State Farm Lloyds ("State Farm") and Ann Jenne ("Jenne") (collectively "Defendants"). Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendants State Farm Lloyds and Jenne.

3. Plaintiffs allege multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing, fraud and conspiracy to commit fraud against State Farm

Lloyds. As to Jenne, Plaintiffs assert claims for violations of Chapter 541 of the Texas Insurance Code, as well as fraud and conspiracy to commit fraud. Plaintiffs further allege that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4.     State Farm Lloyds received the Citation and Plaintiffs' Original Petition by personal delivery on or about December 22, 2015 . Exhibits C and D. State Farm Lloyds filed its Original Answer on January 15, 2016. Exhibit G. Jenne received the Citation and Plaintiffs' Original Petition by personal delivery on or about December 26, 2015. Exhibits C and E. Jenne filed her Original Answer on January 15, 2016. Exhibit F.

5.     State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.     GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Parties.

7.     According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Tom Green County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of

citizenship, Plaintiffs are considered Texas citizens.

8.      State Farm Lloyds was, at the time this action was commenced, and still is, a citizen of Illinois.  Defendant is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes.  *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).  Exhibit H.

9.      Defendant Jenne was, at the time this action was commenced, and still is, domiciled Duluth, Georgia. .  Thus, for purposes of diversity of citizenship, Defendant Jenne is considered a Georgia citizen.  Therefore, complete diversity of citizenship exists between Plaintiffs and Jenne.

**B.      Defendant Jenne Consents to Removal.**

10.     In accordance with 28 U.S.C. § 1446(b)(2)(A), Defendant Jenne consents to this removal. Exhibit I.

**C.      The Amount in Controversy Exceeds $75,000.**

11.     Additionally, the claims asserted by Plaintiffs exceed $75,000.00.  Plaintiffs' Original Petition specifically states that Plaintiffs seek "monetary relief over $100,000 . . . ."  Exhibit C.

### III.    VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Tom Green County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

### IV.    PROCEDURAL REQUIREMENTS

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket Sheet in the state court action |
| **C.** | Plaintiffs' Original Petition filed in the 51st District Court of Tom Green County, Texas on December 15, 2015 |
| **D.** | Citation to State Farm Lloyds issued December 16, 2015 with executed affidavit of service dated December 22, 2015 |
| **E.** | Citation to Ann Jenne issued December 16, 2015 with executed affidavit of service dated December 26, 2015 |
| **F.** | Defendant Ann Jenne's Original Answer filed January 15, 2016 |
| **G.** | Defendant State Farm Lloyds Original Answer filed January 15, 2016 |
| **H.** | Affidavit of Jim Larson |
| **I.** | Defendant Ann Jenne's Consent to Removal |
| **J.** | List of Counsel of Record |

14.   This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

15.   Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

16.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

17.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 51st Judicial District Court of Tom Green County, Texas

promptly after filing of same.

18. Plaintiffs have made a jury demand.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 51st Judicial District Court of Tom Green County, Texas be removed to the United States District Court for the Northern District of Texas, San Angelo Division.

Respectfully Submitted,

/s/ W. Neil Rambin
W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
KRISTEN L. BROYLES
State Bar No. 24090015
kristen.broyles@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200
(469) 227-8004 (Fax)
**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 21st day of January, 2016.

Rene M. Sigman
J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

*/s/ L. Kimberly Steele*
L. KIMBERLY STEELE